# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LUCILLE M. FRAZIER, <br><br> Plaintiff, <br><br> v. <br><br> ZIMMER, INC. and SPRING VALLEY HOSPITAL MEDICAL CENTER, <br><br> Defendants. | Case No. 2:17-cv-02958-APG-CWH <br><br> **ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURIDICTION** |

Federal district courts are courts of limited jurisdiction, deriving their power to hear cases from specific congressional grants of jurisdiction. *U.S. v. Sumner*, 226 F.3d 1005, 1009 (9th Cir. 2000). The amended complaint in this case alleges only state law claims, so there is no federal question jurisdiction. Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." Diversity jurisdiction requires complete diversity, meaning the plaintiff cannot be a citizen of the same state as any defendant. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). As the party seeking to invoke this court's jurisdiction, the plaintiff bears the burden of proving the court has jurisdiction. *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001).

The amended complaint states that plaintiff Lucille Frazier resides in Nevada, suggesting she is a Nevada citizen. ECF No. 5 at 2. The amended complaint identifies Zimmer, Inc. as a "Minnesota based Corporation doing business in the County of Clark, State of Nevada." ECF No. 5 at 1. But the amended complaint does not state whether Zimmer is both incorporated in Minnesota and has its principal place of business there. ECF No. 1 at 1. More importantly, the complaint identifies Spring Valley Hospital Medical Center as a "Joint Commission-accredited hospital doing business in Clark County, State of Nevada." *Id.* This suggests Spring Valley Hospital is a Nevada citizen. If both Frazier and Spring Valley Hospital are Nevada citizens,

there is no diversity jurisdiction over this case, and I would have to dismiss it. I therefore order Frazier to show cause why this case should not be dismissed for lack of subject matter jurisdiction.

IT IS THEREFORE ORDERED that plaintiff Lucille Frazier shall show cause in writing why this action should not be dismissed for lack of subject matter jurisdiction. Failure to do so by May 11, 2018 will result in dismissal.

IT IS FURTHER ORDERED that the defendants may file a response on or before May 25, 2018.

DATED this 23rd day of April, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE